948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andre VANCE, Plaintiff-Appellant,
v.
Gary McCAUGHTRY, et al., Defendants-Appellees.
 No. 89-3493.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 26, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 This action was dismissed under 28 U.S.C. § 1915(a) and (d) before the defendants were served with process. Accordingly the question is whether the suit is frivolous, as Neitzke v. Williams, 490 U.S. 319 (1989), defines that term.
 
 
 2
 The district court found it frivolous because plaintiff Andre Vance, who attacks the outcome of a prison disciplinary hearing, "has not alleged that he has been denied any of [the] due process protections" identified in Wolff v. McDonnell, 418 U.S. 539 (1974). Unfortunately, the district court appears to have misunderstood plaintiff's contentions. A prison disciplinary committee found that Vance committed battery on correctional officer Jensen. According to the complaint, Vance wanted Jensen to appear as a witness, and the committee initially approved this request. Jensen did not, however, attend the hearing, and the committee proceeded to decide the case anyway. The record of the proceeding does not state a reason, and the usual ones--protecting the identity of informants, curtailing security risks, and the like--do not apply when the prisoner wants to call a guard (the victim of the attack) as a witness. Perhaps the committee had reasons for denying Vance's request. A district court should not dismiss the complaint as frivolous when these reasons, if any, remain undisclosed.
 
 
 3
 Vance also contends that the participation of Captain Nickel on the committee violates the due process clause because Nickel was involved in a prior disciplinary proceeding against Vance. A decisionmaker should be neutral, but involvement in prior discipline does not impair neutrality. Judges often try and sentence the same person more than once. There is no reason why intra-prison adjudicators may not do so too.
 
 
 4
 The judgment is vacated, and the case is remanded for further proceedings limited to Vance's contention that the failure to produce officer Jensen violated the due process clause.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record